UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-20115-CIV-MORENO

ALAN KALLAS, DIANE KALLAS, JULIE KALLAS, individually and as Next Friend of Hailey Kallas, and as Personal Representative of the ESTATE OF JONATHAN A. KALLAS, DEBORAH LINDQUIST, TINA PRICHARD, QUINTON D. WHITE, DONALD EARL, CAROL EARL,

    Plaintiffs,

vs.

CARNIVAL CORPORATION, Individually and d/b/a CARNIVAL CRUISE LINES, INC., a foreign corporation, Jointly and Severally,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Second Amended Complaint and to Strike **(D.E. No. 25)**, filed on **October 12, 2006**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion is **GRANTED IN PART** as to claims by the Estate of Jonathan Kallas for decedent's pain and suffering, or for loss of society and companionship, and as to Defendants' request to strike Paragraphs 63, 71, 80 and 102. However, the Motion is **DENIED IN PART** as to Plaintiffs' claims for loss of parental nurture, training and guidance and as to Count III for Breach of Express Warranty.

## I.  BACKGROUND

Plaintiffs, individually and as personal representatives, filed this suit after they contracted the Norwalk Virus while passengers on Defendant Carnival Cruise Lines' ship.  Plaintiffs claim they individually suffered damages and that Jonathan Kallas died as a result of the Virus.  Plaintiffs allege that Defendants prepared and sold contaminated food and/or beverage which was consumed by Plaintiffs.  Plaintiffs' Second Amended Complaint contains the following counts:

- Count I: Strict Liability (Class Action Allegations)
- Count II: Breach of Implied Warranties
- Count III: Breach of Express Warranties
- Count IV: Negligence
- Count V: Breach of Contract

Plaintiffs filed this suit as an admiralty and maritime claim and invoked the Death on the High Seas Act (DOHSA) which provides the exclusive remedy where death occurs outside of the territorial waters of the state.  Neither party contests the application of DOHSA.

Defendants filed the Motion to Dismiss Second Amended Complaint and to Strike **(D.E. No. 25)** on **October 12, 2006** arguing that Plaintiffs' claims for breach of express warranty and the Estate of Jonathan Kallas' claims for non-pecuniary damages should be dismissed.  Furthermore, Defendants move to strike redundant and immaterial paragraphs from the Complaint pursuant to Fed. R. Civ. 12(f).

## II.  LEGAL STANDARD

A court  may grant a motion to dismiss for failure to state a claim only if the movant demonstrates that plaintiff fails to prove any facts that would entitle that plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In deciding the motion, the court must view the complaint in the light most favorable to the plaintiff, and accept the allegations, as well as all reasonable inferences therefrom, as true.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Additionally, in deciding a motion to dismiss, it is "inappropriate for the court to go beyond determining whether a claim has been pleaded against the defendants and speculate about what the evidence might show." *In re Southeast Banking Corp.* 69 F.3d 1539, 1551 (11th Cir. 1995).

For most claims, pursuant to the notice-pleading standard of Fed. R. Civ. P. 8(a), a plaintiff's complaint will survive a motion to dismiss so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

### III.  ANALYSIS

#### A.  Count III - Breach of Express Warranties

In Count III of Plaintiffs' Second Amended Complaint, Plaintiffs allege breach of express warranties.  Specifically, Plaintiffs allege that Defendants expressly warranted that "their food and/or beverages would be fit for human consumption or otherwise would not be contaminated with the Norovirus" and "that the subject cruise vessel on which Plaintiffs sailed would be adequately clean, hygienic and/or sanitary." Plaintiffs' Second Amended Complaint at ¶72-73.  Additionally, Plaintiffs allege that Defendants breached their contract with Plaintiffs "by selling Plaintiffs food and/or beverage contaminated with the Norovirus" and "by failing to adequately clean, sanitize and disinfect the subject vessel." Plaintiffs' Second Amended Complaint at ¶74-75.

In response, Defendants filed this Motion to Dismiss **(D.E. No. 25)** and argue that there is "no express contractual provisions warranting the condition of food and/or water on the vessel" in the ticket contract.  Accordingly, Defendants maintain that the ticket contract "constitutes the entire agreement between Carnival and Guest and supercedes all other agreements, oral or written." Defendants' Motion to Dismiss at 3.  However, in Plaintiffs' Response to the Motion to Dismiss, they attached the "Welcome Aboard" booklet as part of the contract, which they claim expressly warranted the food.  At this motion-to-dismiss stage, the facts are viewed in the light

most favorable to Plaintiffs and therefore, the Court holds that Plaintiffs have sufficiently alleged a cause of action for breach of express warranty.

### B. Estate of John Kallas' Claims for Non-Pecuniary Damages

In their Motion to Dismiss, Defendants argue that the Estate of Jonathan Kallas' claims for pain and suffering, loss of society and companionship, and loss of parental nurture, training and guidance must be dismissed pursuant to DOHSA. Plaintiffs concede that no claim can be made for the decedent's pain and suffering, or for loss of society and companionship. However, Plaintiffs argue that the claim for Halley Kallas' loss of her father's nurture, guidance, and training is viable and ought to survive this motion.

DOHSA provides that where a wrongful act occurs on the high seas, the personal representative of the decedent may maintain a suit for damages in federal district court for the exclusive benefit of the decedents' wife, husband, parent, child or dependent relative and the recovery in such suit is to be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the action is brought. 46 U.S.C. §§30302-03. The Fifth Circuit has held that "[w]hatever may be the rule for minor children, it is clear that those who have reached their majority must be very specific to show that their parents' guidance had a pecuniary value beyond the irreplaceable values of companionship and affection." *Solomon v. Warren,* 540 F.2d 777, 789 (5th Cir. 1977). As such, "the facts and circumstances of each particular case control not only the legal basis for such damages but their quantum as well." *Id.; see In the Matter of Adventure Bound Sports, Inc.*, 858 F.Supp. 1192, 1202 fn. 6 (S.D. Ga. 1994) (Although the 11th Cir. has not ruled out the possibility that specific circumstances may warrant an award for the nurture and guidance of an adult, those who have reached the age of majority must make a very specific showing.).

Hence, at this motion to dismiss stage, the facts are viewed in the light most favorable to

the Plaintiffs and therefore, the Court holds that Plaintiffs have sufficiently alleged a claim for Halley Kallas' loss of her father's nurture, guidance, and training to survive this motion. Accordingly, Defendants' Motion to Dismiss is GRANTED as to Plaintiffs' claims for decedent's pain and suffering, or for loss of society and companionship.  However, Defendants' Motion to Dismiss is DENIED as to Plaintiffs' claims for loss of parental nurture, training and guidance.

### C.  Paragraphs 63, 71, 80 and 102 are hereby stricken.

The Court has reviewed Plaintiffs' Second Amended Complaint that appears to violate the one-claim-per-count rule. Fed.R.Civ.P. 10(b).  In *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-7 (11th Cir. 1996), the court, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*See also Magluta v. Samples*, 256 F.3d 1282 (11 th Cir. 2001); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995).  Such "shotgun" pleading imperils fundamental principles of due process.

Furthermore, the Eleventh Circuit has expressed increased frustration with district courts that let the case proceed despite such shotgun pleadings. *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001).  The *Byrne* court sought to avoid having district courts undergo the time-consuming process of "rearranging the pleadings and discerning whether the plaintiff has stated a claim, or claims, for relief, and whether the defendant's affirmative defenses are legally sufficient." *Id*. at 1129.  The *Byrne* panel also counseled, "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice.  The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Id*. at 1131.

Accordingly, Plaintiffs shall file a Third Amended Complaint, which comports with this order no later than **June 18, 2007**. In redrafting the complaint, counsel is required to ensure that each legal claim advanced is set forth in a separate count. Further, each count shall state with **specificity** both the factual and legal basis for the claim it sets forth. If a claim is one where Fed. R. Civ. P. 9 is applicable, that claim must be pled with particularity. Other numbered paragraphs may be incorporated by reference but **this must be done with particularity so that only relevant paragraphs are referenced**. It is impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs.

### IV. CONCLUSION

Based on the foregoing, the Court **DENIES IN PART** Defendants' Motion to Dismiss Second Amended Complaint and to Strike as to Count III - Breach of Express Warranties and as to Plaintiffs' Claims for loss of parental nurture, training and guidance and **GRANTS IN PART** Defendants' Motion as to Plaintiffs' claims for decedent's pain and suffering, or for loss of society and companionship and hereby strikes Paragraphs 63, 71, 80 and 102.

Furthermore, consistent with the aforementioned rulings and mindful of the rule that a well-pleaded complaint contains only one claim per count, Plaintiff shall file a Third Amended Complaint no later than **June 18, 2007**.

DONE AND ORDERED in Chambers at Miami, Florida, this _23rd_ day of May, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to: Counsel of Record