UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20115-CIV-MORENO/SIMONTON

ALAN KALLAS, DIANE KALLAS, JULIE
KALLAS, individually and as Next Friend
of Hailey Kallas and as Personal Representative
of the ESTATE OF JONATHAN A. KALLAS,
DEBORAH LINDQUIST, TINA PRICHARD,
QUINTON D. WHITE, DONALD EARL,
CAROL EARL,

    Plaintiffs,

v.

CARNIVAL CORPORATION, individually
and d/b/a CARNIVAL CRUISE LINES, INC.,
a foreign corporation, jointly and severally,

    Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION TO COMPEL

Presently pending before the Court is Plaintiffs' Motion To Compel More Specific Answers To Plaintiffs' First Interrogatories and To Plaintiffs' Requests For Production of Documents and For Order Allowing HIPAA Disclosures (DE # 64). This motion is referred to the undersigned Magistrate Judge (DE # 65). The motion is fully briefed (DE ## 67, 70). For the reasons stated below, Plaintiffs' motion is granted in part.

    I.  Background

Plaintiffs are proceeding under their five-count Third Amended Complaint. In the Third Amended Complaint, Plaintiffs allege that, on January 23, 2005, they were passengers aboard Defendants' vessel, Carnival Miracle (Exotic), when they ingested food and/or beverages tainted with Norovirus, and that they became violently ill. Plaintiffs also contend that the Norovirus caused Jonathan Kallas' death. Plaintiffs allege that Defendants were aware of the risk of Norovirus, but that before the Carnival

Miracle (Exotic) sailed, Defendants did not properly clean and disinfect the vessel. Plaintiffs contend that Defendants: are strictly liable for Plaintiffs' injuries (Count I), breached implied and express warranties (Counts II and III); were negligent (Count IV) and breached the contract of passage (Count V) (DE # 55).

Defendants filed an Answer to the Third Amended Complaint and Affirmative Defenses (DE # 56).

This motion followed.

II. The Motion

Plaintiffs move to compel better answers to Interrogatories 2, 9 and 10, and to requests for production 1, 2, 11, and 17-21.

The undersigned will consider the interrogatories and requests for production one by one.

A. Interrogatories 2 and 10, Request for Production 11

In Interrogatory 2, Plaintiffs asked: 1) Defendants to provide the names and contact information of each person who contracted Norovirus or became seriously ill while on the Carnival Miracle (Exotic) between January 23, 2005 and January 30, 2005, and immediately before and after the cruise at issue; 2) how Defendants learned the person became ill; 3) how Defendants believed each person contracted the illness; 4) when the person contracted the illness; 5) whether the ill person was an employee of Defendants', an independent contractor with Defendants, or a passenger; and 6) which of these persons were found to have Norovirus.  In Interrogatory 10, Plaintiffs asked Defendants to identify and describe all complaints received by Defendants regarding cleanliness, hygiene, food handling and illness from any passenger, employee or independent contractor who was aboard the Carnival Miracle (Exotic) between January

2

23, 2005 and January 30, 2005, and immediately before and after the cruise at issue. Request for Production 11 asked for all documents relating to any passenger, employee or independent contractor who was aboard the Carnival Miracle (Exotic) between January 23, 2005 and January 30, 2005, and immediately before and after the cruise at issue, and who reported being ill.

Defendants responded that Interrogatories 2 and 10 and Request for Production 11 called for confidential health information protected by HIPAA, and that Defendants would provide the Gastrointestinal Illness Surveillance Logs and Questionnaires with identifying patient information redacted. Defendants stated that they: 1) learned of the illnesses when the persons reported to the ship's infirmary; 2) did not know how or when the persons contracted the gastrointestinal illnesses; and 3) are not aware whether any of the persons actually contracted Norovirus.

Plaintiffs ask that the redacted information be disclosed, pursuant to an appropriate protective order, because HIPAA allows disclosure of relevant protected medical information pursuant to court order. Plaintiffs state that the information is relevant to determining the size of the proposed class, and also to determine whether Defendants knew or should have known of the presence of Norovirus during the subject cruise and the risk and known rate of risk for spread of the Norovirus.

Defendants oppose the motion to compel better responses to interrogatories 2 and 10 and request 11 on the grounds that 1) HIPAA and the relevant Florida statute bar the disclosure of patients' identities, and Plaintiffs have not shown a compelling interest in releasing the names and 2) Plaintiffs will only use the names to solicit members of the putative class, which has not yet been certified.

Plaintiffs reply that they need the names of the passengers with Norovirus so that

3

**Plaintiffs: can ascertain what item those passengers ate (to show a common source of infection); whether those passengers and Plaintiffs frequented the same areas on board (to show a common source of infection); and whether those individuals ever observed improper cleaning measures of vomiting and diarrhea in staterooms.**

The motion to compel Defendants to provide unredacted copies of the Gastrointestinal Illness Surveillance Logs and Questionnaires is granted. The names of other persons who were on the cruise at issue and reported gastrointestinal illness are relevant, as those persons may be, at the very least, important witnesses in this case. Those persons may have information about their illnesses, Plaintiffs' illnesses, Defendants' response to their reports of illness, and the cleanliness and hygiene aboard the ship. Plaintiffs have agreed to the entry of the appropriate protective order pursuant to HIPAA, and Plaintiffs may not disseminate the names of the other persons to anyone not involved in the case, or use the information for any purpose other than litigating this case.

    B.  <u>Interrogatory 9</u>

In this interrogatory, Plaintiffs asked Defendants to identify the individuals who were responsible for cleaning common areas, food preparation and food handling areas, and passenger quarters of the Carnival Miracle (Exotic) from January 23, 2005 through January 30, 2005, and immediately before and after the cruise at issue, indicating, where applicable, the area of the vessel to which the individuals were assigned. Defendant answered by provided the names of the Food and Beverage Manager and the Housekeeping Manager, who were responsible for implementation of the CDC's Vessel Sanitation Program procedures in their respective departments. Pursuant to Rule 33(d), Defendants provided the crew list and stated that the names of various crew members

who worked in the Food and Beverage and Housekeeping Departments could be ascertained from the crew list.

Plaintiffs contend that the answer must be supplemented because the crew list failed to provide information about which areas of the vessel to which the crew members were assigned. Plaintiffs argue that this evidence is relevant because it would allow Plaintiffs to determine which crew members were potential witnesses in that they had information about how the sanitation of specific areas frequented by Plaintiffs were handled by Defendants' employees.

Defendants oppose the motion to compel a better response to Interrogatory 9 on the ground because Defendants have provided Plaintiffs with a copy of the crew list for the Carnival Miracle for the period from January 23, 2005 through January 30, 2005, that the crew list shows in what area of the ship each crew member worked, and that the crew list fully answers the interrogatory pursuant to Fed.R.Civ.P. 33(d). The response also specifically identified by name the ship's food and beverage manager and the ship's housekeeping manager, and stated that they were responsible for implementation of the CDC's Vessel Sanitation Program procedures in their respective departments. As Plaintiffs do not controvert Defendants' position, the motion to compel a better response to Interrogatory 9 is denied.

C. <u>Request for Production 1</u>

In this request, Plaintiffs asked for all documents identifying every individual, with contact information, who was aboard the Carnival Miracle (Exotic) from January 23, 2005 through January 30, 2005, and immediately before and after the cruise at issue. In response, Defendants provided the Gastrointestinal Illness Surveillance Logs and Questionnaires with the names redacted. Defendants objected to the remainder of the

5

request as overbroad, unduly burdensome, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and calling for the production of confidential information and trade secrets.  Defendants also objected on the grounds that production of passenger manifests would invade the privacy rights of third parties.

Plaintiffs seek production of the redacted names, subject to an appropriate protective order.  Plaintiffs also contend that the passenger manifests for voyages M17011605, M17012305, M13103005 and a special hire that sailed from Jacksonville from February 2, 2005 to February 7, 2005, are not trade secrets and are relevant so that Plaintiffs' expert may fully assess the facts of this case from an epidemiological perspective and determine whether Defendants' staff failed to properly identify, treat and quarantine ill individuals who could have spread Norovirus to Plaintiffs.  Plaintiffs note that they have evidence that the Gastrointestinal Illness Surveillance Logs and Questionnaires under reported the amount of gastrointestinal illness on the ship Carnival Miracle (Exotic) for the period from January 23, 2005 through January 30, 2005.  Plaintiffs therefore believe that it is important to actually contact the passengers who traveled on the Carnival Miracle (Exotic) to establish how many persons suffered from gastrointestinal illness.  Plaintiffs also assert that a passenger on the sailing following the sailing at issue who reported gastrointestinal illness was in a cabin near the cabin inhabited by decedent Jonathan Kallas, and that this facts supports Plaintiffs' theory that Defendants' stated procedure for cleaning vomit were not followed by Plaintiffs' room steward.

In response, Defendants oppose this request on the grounds that the passenger lists for the Carnival Miracle are protected from discovery as trade secrets and that

**Plaintiffs have not shown that disclosure of the passenger lists are relevant and necessary to the litigation. Specifically, Defendants contend that Plaintiffs' argument that they need the list to obtain the names of passengers who did not visit the ship's infirmary to show that Defendants knew of the presence of norovirus on the ship does not make sense. Defendants also contend that providing the passenger manifest will not assist Plaintiffs in proving that Defendants breached a duty causing the unreasonable outbreak, or show that Defendants failed to report an outbreak and/or failed to recognize the outbreak and act accordingly. Defendants next assert that Plaintiffs may not discover the passenger list to prove that the class action elements have been met, contending that class action discovery is only available after the class is certified. Finally, Defendants contend that providing Plaintiffs with the passenger list will not assist Plaintiffs' expert in conducting an epidemiological study (DE # 67 at 6-10).**

**Plaintiffs reply that the passenger list is not a trade secret, and that Defendants have not shown that disclosure of the passenger list would harm Defendants. In any event, Plaintiffs agree to the entry of an appropriate protective order to prevent Plaintiffs' counsel from using the list to solicit clients and to prevent Plaintiffs from disseminating the passenger list information to persons not directly involved with the litigation. Plaintiffs also assert that if they receive the passenger list, they will have a lesser need for the unredacted Gastrointestinal Surveillance System Questionnaires, because Plaintiffs will be able to take epidemiological data from all passengers with Norovirus symptoms. Plaintiffs state that they need the names of the passengers with Norovirus to ascertain: what items those passengers ate (to show a common source of infection), whether those passengers and Plaintiffs frequented the same areas on board (to show a common source of infection); and whether those individuals ever observed improper**

cleaning measures of vomiting and diarrhea in staterooms. Plaintiffs also assert that the passenger list will aid them in ascertaining whether and when Defendants knew about the Norovirus outbreak and whether Defendants exercised reasonable care to prevent or ameliorate the outbreak (DE # 70).

The motion to compel Defendants to provide the passenger manifests at issue is granted. The names of the persons who were passengers on the ship at and around the time of Plaintiffs' trip are extremely relevant, as the passengers may be, at the very least, important witnesses in this case. Those persons may have information about their illnesses, Plaintiffs' illnesses, Defendants' response to the reports of illness, and the cleanliness and hygiene aboard the ship. Defendants have not established that the passenger manifests are trade secrets, though it is undisputed that the information is confidential. Plaintiffs have agreed to the entry of an appropriate protective order. Therefore, Plaintiffs may not disseminate the names of the passengers on the manifests to anyone not involved in the case and may not solicit any of the passengers to become class members unless and until class certification is granted. The undersigned has previously ordered Defendants to provide the redacted names from Gastrointestinal Surveillance System Questionnaires and Logs, pursuant to a similar protective order. Therefore, Defendant must provide the passenger manifest for the cruise at issue in this case, as well as the passenger manifests for the cruise immediately before and the cruise immediately after the cruise at issue in this case.

D.  Request for Production 2

In this request, Plaintiffs asked for a list of all independent contractors of Defendants who were aboard the Carnival Miracle (Exotic) between January 23, 2005 and January 30, 2005, and on the cruises immediately preceding and following those cruises.

**Defendants objected to the request, but also responded that they had no responsive documents.**

**Plaintiffs contend that this information is relevant and material, is limited in time and that Defendants have not shown that producing the information would be unduly burdensome. Initially, Defendants respond that their answer to the request was "none", and that Plaintiffs omitted this answer from the motion to compel. Defendants then respond that, as memorialized in the April 23, 2007 letter from Defendants' counsel to Plaintiffs' counsel, Defendants stated that it does not maintain a list of independent contractors on board the vessel, separate from what would appear on the passenger manifest or crew log, and, therefore, Defendants do not possess any documents to this request. As Plaintiffs do not controvert Defendants' position, the motion to compel a better response to request for production 2 is denied.**

**E.   Request for Production 17**

**In this request, Plaintiffs ask for any documents relating to Defendants' policies for the handling of food and beverage on the vessel Carnival Miracle (Exotic) on or about the dates from January 23, 2005 through January 30, 2005. Defendants objected to the request, and also provided the Vessel Sanitation Program Operations Manual (hereafter VSP manual).**

**Plaintiffs contend that the request was relevant and material, and was limited in time and scope, and that Defendants have not shown that the request was overbroad or unduly burdensome. Defendants respond that, as memorialized in the April 23, 2007 letter from Defendants' counsel to Plaintiffs' counsel, Plaintiffs agreed to sustain Defendants' objection to this request and not to move to compel a better response to this request. As Plaintiffs do not controvert Defendants' position, the motion to compel**

**9**

a better response to request for production 17 is denied.

    F.  <u>Request for Production 18</u>

In this request, Plaintiffs asked for any documents relating to the cleaning of all areas of the vessel Carnival Miracle (Exotic) from January 1, 2005 through February 14, 2005.  Defendants objected to the request, and also responded that they possessed no responsive documents.

Plaintiffs again contend that the request was relevant and material, and was limited in time and scope, and that Defendants have not shown that the request was overbroad or unduly burdensome.  Initially, Defendants respond that their answer to the initial request was "none", which Plaintiffs omitted from the motion to compel.  Defendants then respond that, as memorialized in the April 23, 2007 letter from Defendants' counsel to Plaintiffs' counsel, the parties agreed to limit the request to records indicating when Plaintiffs' cabins were cleaned, such as housekeeping logs.  In their response to the motion to compel, Defendants state that they do not possess any documents responsive to the request.  As Plaintiffs do not controvert Defendants' position, the motion to compel a better response to request for production 18 is denied.

    G.  <u>Request for Production 19</u>

In this request, Plaintiffs asked for any documents relating to the provision of food and beverage and the storage, handling and preparation of such items aboard the vessel Carnival Miracle (Exotic) from January 1, 2005 through February 14, 2005.  Defendants objected to the request.

Plaintiffs again contend that the request was relevant and material, and was limited in time and scope, and that Defendants have not shown that the request was overbroad or unduly burdensome.  In their response to the motion to compel,

**Defendants assert that the parties agreed to limit the request to any records indicating when food was frozen, thawed or transferred from storage, (such as a galley log), or procedures for the same, apart from the VSP Operations Manual, as stated in the April 23, 2007 letter from Defendants' counsel to Plaintiffs' counsel. Defendants submit that they have provided all documents in their possession responsive to this request. As Plaintiffs do not controvert Defendants' position, the motion to compel a better response to request for production 19 is denied.**

      **H.  Request for Production 20**

**In this request, Plaintiffs asked for all documents pertaining to the Defendants' policies or procedures with regard to illness complaints or reports regarding employees or independent contractors who are, were or may become ill. Defendants objected to the request, and also provided the VSP manual.**

**Plaintiffs contend that Defendants have not specified any grounds for their general objections, that Plaintiffs are willing to limit the request to the time frame from January 1, 2005 through February 14, 2005, and that the requested information is calculated to lead to information that Defendants' employees were likely to continue working when they were ill, which would increase the risk of Norovirus contamination. In response, Defendants initially state that the parties agreed to limit the request to procedures in an employee manual when an employee is ill and not reporting to work, apart from the VSP Operations Manual, as stated in the April 23, 2007 letter from Defendants' counsel to Plaintiffs' counsel. Defendants then state that they have provided all documents in their possession responsive to this request. As Plaintiffs do not controvert Defendants' position, the motion to compel a better response to request for production 20 is denied.**

I.  Request for Production 21

In this request, Plaintiffs asked for all documents describing the job duties of Defendants' employees involved in either handling food and/or beverages, and/or cleaning or otherwise dealing with hygiene, that were applicable between January 23, 2005 and January 30, 2005.  Defendants objected to the request.

Plaintiffs contend that this information is relevant, and that Defendants' remaining objections are not supported.  Defendants respond that, as memorialized in an April 23, 2007 letter from Defendants' counsel to Plaintiffs' counsel, Plaintiffs agreed to sustain Defendants' objection to this request and not to move to compel a better response to this request.  As Plaintiffs do not controvert Defendants' position, the motion to compel a better response to request for production 21 is denied.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion To Compel More Specific Answers To Plaintiffs' First Interrogatories and To Plaintiffs' Requests For Production of Documents and For Order Allowing HIPAA Disclosures (DE # 64), is **GRANTED in part**. On or before October 9, 2007, Defendants shall provide to Plaintiffs copies of the unredacted Gastrointestinal Illness Surveillance Logs and Questionnaires.  In accordance with the requirements of the regulations promulgated under HIPAA, specifically 45 C.F.R. §§164.512(e)(1)(ii)(B) & (v), all parties to this lawsuit are prohibited from using or disclosing any protected health information (PHI), including but not limited to the aforementioned Gastrointestinal Illness Surveillance Logs and Questionnaires, for any purpose other than the litigation of this lawsuit.  Plaintiffs are required to return to Defendants or to destroy the PHI, including all copies made, at the end of the litigation of

this lawsuit, which includes the time for all appellate proceedings or the expiration of the time to commence such appellate proceedings, whichever last occurs.  Also on or before October 9, 2007, Defendants shall provide to Plaintiffs copies of passenger manifests for the cruise at issue in this case, as well as the cruises immediately before and after the cruise at issue in this case.  Plaintiffs must keep these manifests confidential, may not disclose their contents to anyone not working on the case, and may not use them for any purpose other than the litigation of this lawsuit.  Plaintiffs may not use the passenger manifests to solicit clients unless and until class certification is granted.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 25, 2007.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Federico A. Moreno
    Chief United States District Judge
All counsel of record