UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20115-Civ-MORENO/TORRES

ALAN KALLAS, *et al.*,

      Plaintiffs,

vs.

CARNIVAL CORPORATION,
individually and d/b/a CARNIVAL
CRUISE LINES, INC., a foreign
corporation, jointly and severally,

      Defendant.
_____/

## OMNIBUS ORDER ON PENDING MOTIONS IN LIMINE

      This matter is before the Court on the parties' pending motions in limine [D.E. 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174 & 175]. The Court reviewed the motions and responses, and considered the parties' respective arguments at a hearing held January 9, 2009. The Court announced its rulings as to most of the pending motions and the bases for those rulings on the record. This Order is intended to memorialize those rulings on the docket, as well as to dispose of any other motions not addressed at the hearing. To the extent either party is required or has leave to supplement the record, such supplementation shall occur in the time periods agreed upon at the hearing.

### A.     PLAINTIFFS' MOTIONS

### *Motion to Preclude Reference to Relationships [D.E. 162]*

The Motion is GRANTED. Plaintiffs' motion seeks to preclude reference at trial of any current relationships or possible remarriage by surviving spouse/Plaintiff Julie Kallas as irrelevant and prejudicial. Defendant conceded that no such evidence was relevant to any pecuniary damages, which are the only form of damages recoverable in this admiralty action. There is thus good cause to grant the motion for now. To the extent that Defendant can show during trial that Mrs. Kallas's current relationship is relevant for another purpose, such as for impeachment in the event Plaintiff calls such a witness in their case in chief, Defendant has leave to raise the matter with the Court outside the presence of the jury.

### *Motion to Preclude Evidence Contrary to Admitted Responses [D.E. 163]*

The motion is GRANTED IN PART based upon the fact that the specific admissions may be deemed as a stipulated fact at trial. The Court agrees that Defendant did not timely move to amend or withdraw the admissions prior to the close of discovery, which would preclude the admissions from being withdrawn under Fed. R. Civ. P. 36. The Court will not, however, prejudge any attempt to introducing contradictory testimony at trial without a greater factual record. For now, the record is clear that the admissions responses may be treated as stipulated facts that may be introduced for any purpose as per Rule 36. That understanding adequately addresses for now the issues raised by the motion.

### *Motion to Preclude Evidence of Cause of Death from Unqualified Witness*
### *[D.E. 164]*

The motion is DENIED without prejudice. For now, the motion will not be granted based on the specific grounds raised in the motion. Plaintiffs argued that statements of certain medical professionals made at or about the time of Mr. Kallas's death were tantamount to expert opinions that had to be disclosed under Rule 26(a)(2). Defendant has not proffered these witnesses' testimony as experts they intend to rely upon at trial and it represents that no such opinion will be elicited. Instead, the Defendant intends to introduce certain medical records at issue as part of the factual evidence in the case, which include specifically certain electronic memos that were contemporaneously addressing the possible causes of death. Such memos may be admissible medical records, though they may also contain hearsay within them that may or may not be admissible. The Court's Order here will not prejudge whether the documents at issue are admissible hearsay, or otherwise relevant at trial. Plaintiff will be able to raise any such objections with respect to specific documents that may be utilized at trial.

### *Motion to Preclude Evidence of Allergic Reaction [D.E. 165]*

The motion is DENIED without prejudice to being renewed following supplemental expert discovery that Plaintiffs intend to obtain. As discussed at the hearing, the present motion does not specifically develop the factual record to preclude the Defendant from introducing an alternative theory of cause of death. The motion purports to raise a *Daubert* challenge to the admission of Defendant's experts' opinion,

but points to no specific evidence in the record that any opinion must be precluded. Based on Defendant's representation as to which expert witness would, if at all, discuss a possible alternative cause due to an allergic reaction, Plaintiffs may renew the motion at a later date before trial if necessary.

### *Motion to Strike Defendant's Experts Wright & Forney [D.E. 166]*

The motion is DENIED without prejudice. The motion seeks to strike these expert witnesses based upon the manner in which their expert report/summaries were prepared in compliance with Rule 26(a)(2) and S.D. Fla. Local R. 16.1.K. The motion argued that the summaries did not sufficiently detail what opinions would be provided by these experts. The Court agreed that the disclosures were inadequate. But the remedy sought in the motion – the striking of the experts' testimony entirely – is an extreme and unnecessary sanction, especially given the continuance of the trial date. Therefore, as agreed at the hearing, Defendant will supplement these witnesses' expert disclosures to allow Plaintiffs to decide if they wish to depose the experts prior to trial. This Order is also without prejudice to Plaintiffs raising any *Daubert* challenge to their testimony once the scope and bases for their opinions is made clear.

### *Motion to Preclude Legionella Test Result [D.E. 167]*

The motion is GRANTED IN PART. The motion seeks to preclude any evidence of a false positive test for legionella. The Defendant concedes that the test was a false positive, but argues that the fact of a false positive following Dr. Pacris's examination is a matter that they may use to try to impeach Dr. Pacris. To that limited extent, the Court will permit reference to the false positive, but Plaintiffs have the right to request

a limiting instruction that its introduction only goes to address the reliability of the witness, and not to show that Jonathan Kallas died from legionella disease. Other than for this limited purpose of impeachment, the false positive test may not be introduced or referenced at trial, so as to not confuse the jury, without Defendant seeking leave from the trial judge beforehand.

### *Motion to Preclude Evidence of Plaintiff's Medical Records [D.E. 168]*

The motion is DENIED without prejudice. To the extent that any of Mr. Kallas's past medical records is so utterly irrelevant or prejudicial, and no foundation is laid for their admissibility during the trial, the Court can sustain an objection to their admission at that time. Plaintiffs' motion, however, seeks an Order that strikes a series of medical records in a blanket fashion without a sufficient evidentiary basis that any particular record is entirely inadmissible. Given the limited record before us, a pretrial in limine Order should not be entered.

### *Motion to Preclude Statistical Evidence on Norovirus [D.E. 169]*

The motion is DENIED. The motion seeks to exclude any statistical evidence related to the frequency of death due to complications from norovirus exposure, which Defendant argues shows that it is extremely rare for anyone at age 21 like the Plaintiff to succumb to that exposure. Plaintiff does not specifically challenge the reliability of any of this statistical data, and indeed does not identify any particular data that is purportedly inadmissible. Plaintiff instead seeks to have the Court enter a blanket order that statistical evidence related to norovirus fatalities is totally irrelevant and lacking in purpose. The Court should not do that where statistical evidence may

amount to circumstantial evidence tending to discount Plaintiffs' causation theory. It is for the trier of fact to decide how much, if any, weight to give to this evidence. The Court's Order does not prejudge the admissibility or foundation of any particular type of statistical evidence that Defendant may try to introduce at trial. Obviously if no foundation is laid for the admission of statistical evidence, it will not be admitted by the trial judge over an objection from Plaintiffs. For now the Court only denies the motion that seeks to preclude all such evidence, in a blanket fashion, as being irrelevant under Rule 403.

### *Motion to Preclude Results of Blood Samples [D.E. 171]*

The motion is DENIED. Whether or not the blood samples taken by the forensic examiner's office that conducted the autopsy in this case were somehow contaminated, and thus unreliable, is a fact question for the trier of fact. The presence or absence of norovirus from those blood samples is a significant issue that the parties will debate at trial. Plaintiffs' motion only conclusorily argues that the samples were contaminated. The record before the Court does not allow such a factual finding to be made by the Court without hearing all the evidence. Moreover the record evidence that Plaintiffs pointed us to did not establish that the samples were contaminated and entirely unreliable for any purpose. The Defendant persuasively argues that, even if there was some contamination of the samples through bacterial presence, any contamination is not relevant to their primary argument – that the samples did not evidence any presence of norovirus in the blood stream. Plaintiff has not pointed us to any authority or evidence showing that bacterial contamination can give rise to a

false negative finding for the absence of norovirus. The reliability of these samples is a matter that goes to the weight of the evidence, not its admissibility.

### *Motion to Preclude Evidence of Vessel Inspections [D.E. 173]*

The motion is DENIED. The motion conclusorily argued that inspections carried out of the Defendant's vessel before and after the cruise in question should be excluded as irrelevant under Rule 403. Yet this evidence rebuts allegations raised in the case that Defendant did not adequately clean and prepare the vessel prior to sailing. The evidence also goes to the breach of any duty to warn passengers for the presence of the virus on the vessel. Defendant can certainly try and rebut these claims by pointing to the results of the inspections as evidence that they had in fact adequately maintained the vessel and had not breached any duty to warn their passengers of any known dangers. At the very least, the results of these inspections may present circumstantial evidence to the trier of fact supporting Defendant's defense to Plaintiffs' negligence and duty to warn claims. Plaintiffs' arguments that the inspections were too remote in time go to the weight of the evidence, not its admissibility.

### B.     *DEFENDANT'S MOTIONS*

### *Motion to Preclude Hearsay Testimony [D.E. 174]*

The motion is DENIED as moot based upon Plaintiffs' representation that it did not intend to present the testimony of witnesses Melissa Orzechowski or Jennifer Sabaj, and instead would present the testimony of the passengers onboard the vessel who were interviewed by these potential witnesses. Defendant can renew its objection to the testimony at trial if that becomes necessary.

### *Motions Regarding Economic Experts' Testimony [D.E. 170, 172]*

The motions are DENIED without prejudice. Based on the discussion at the hearing, Plaintiffs agreed to supplement their expert economists' disclosures to reflect what, if any, calculation the experts will be asked to make at trial to account for present value and income tax considerations. Following Defendant's receipt of those supplemental disclosures, Defendant can briefly depose the experts regarding the disclosures and, if necessary, renew this motion. The record is clear, however, that the expert will not be permitted to propose a calculation or number to the jury regarding these issues if that calculation or number is not first presented to Defendant in discovery.

### *Motion to Preclude Reference to Norovirus "Outbreak" [D.E. 175]*

The motion is DENIED. The Court finds no evidentiary basis to preclude the Plaintiffs' use of the term "outbreak" during the trial, even if that term itself has a specific definition by federal agencies. The term is not so prejudicial to any average lay person sitting as trier of fact for the Court to exclude such a reference under Rule 403. Defendant can certainly offer evidence to the trier of fact, if necessary, that no outbreak ever occurred on board the Defendant's vessel.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of January, 2009.

                                                         */s/ Edwin G. Torres*
                                                        EDWIN G. TORRES
                                                        United States Magistrate Judge

Copies provided to:
Honorable Federico A. Moreno
All counsel of record